**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────────────────

**DELAWARE AND HUDSON RAILWAY COMPANY, INC.
and CANADIAN PACIFIC RAILWAY COMPANY,**

                **Plaintiffs,**

v.                                                1:12-CV-1691 (BKS/RFT)

**OMYA INC. and OMYA CANADA INC.,**

                **Defendants.**

───────────────────────────────────────────────

**APPEARANCES:**

*For Plaintiffs*

Stinson Leonard Street LLP
David F. Rifkind, Esq.
1775 Pennsylvania Avenue NW, Suite 800
Washington, D.C. 20006

W. Karl Hansen, Esq.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

McNamee, Lochner, Titus & Williams, P.C.
Scott A. Barbour, Esq.
677 Broadway, Suite 500
Albany, NY 12207

*For Defendants*

Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C.
Kathleen McCaffrey Baynes, Esq.
20 Corporate Woods Boulevard
Albany, NY 12211-2362

Laroe, Winn, Moerman & Donovan
Paul M. Donovan, Esq.
1250 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036

Dinsmore & Shohl LLP
Gregory A. Harrison, Esq.
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202

**Hon. Brenda K. Sannes, United States District Court Judge:**

**ORDER**

Presently before the Court are the parties' cross-motions for summary judgment. Dkt. Nos. 45, 46. The parties' submissions, however, fail to address a number of issues with any specificity. Therefore, the parties are directed to brief the following issues[1]:

1. The complaint alleges that this action "arises under the Interstate Commerce Act [sic], 49 U.S.C. § 10101 *et seq.*," Dkt. No. 1, and plaintiffs refer to 49 U.S.C. §§ 10743 and 11705 in a footnote in their memorandum of law, Dkt. No. 45-38, p. 4 n.3, but nowhere do they specify the provision of the Interstate Commerce Commission Termination Act ("ICCTA") under which they bring their cause of action "to recover charges for transportation." Dkt. No. 1, p. 3. Under which provision of the ICCTA does this case arise and does it authorize a federal civil action?

2. The parties' description of Item 99-A is not consistent with the version of Item 99-A provided to the Court. *Compare* Dkt. Nos. 45-39, ¶ 17, 48-2, ¶ 17 ("In all other circumstances, the published tariff charges in Tariff CP 4000 Series for movement of empty cars on their own wheels shall apply."), *with* Dkt. No. 45-19, p. 2 ("In all other circumstances, the published tariff charges in Tariff CP 4000 Series for movement of

---

[1] The briefs should cite to supporting legal authority and any citations to evidence in the record should be to the docket number and ECF page number.

empty cars on their own wheels shall apply and *will be assessed to the car owner*.")
(emphasis added). If Item 99-A provides that the published tariff charges in Tariff CP 4000 Series "shall apply and will be assessed to the car owner," what is the basis for plaintiffs' claim against defendants/lessees for charges under this tariff after January 1, 2010?

3. In their statement of material facts, plaintiffs assert: "None of the empty car movements at issue here were immediately preceded by a loaded revenue movement on CP. [Deering Aff.,] ¶ 11." Dkt. No. 45-39, ¶ 11. Defendants respond:

> Defendants deny this allegation. The facts alleged are not simply matters of fact but matters of tariff construction and application. When a loaded move ends and whether the return of the empty car to origin is part of the loaded movement is a matter of legal dispute in this case. Any resolution of this question would require a legal interpretation that would examine the common usage of terms in the rail industry and would involve an interpretation of the legal issue before the Surface Transportation Board.

Dkt. No. 48-2, ¶ 11. What is the basis for defendants' assertion that resolution of this question is a legal, as opposed to a factual, determination that requires referral to the Surface Transportation Board?

4. Defendants argue that "the plain language of Items 25 and 187. . . make it abundantly clear that Tariff 6007 deals with charges and allowances between car owners on the one hand and railroads on the other." Dkt. No. 48-1, p. 6. Even assuming, as plaintiffs assert, that the tariffs at issue authorize transportation charges for the empty moves for inspection and qualification, if defendants, as lessees, are not entitled to mileage allowances, is the imposition of charges for these moves authorized under the

3

ICCTA? *See, generally, General Tank Car Corp. v. El Dorado T. Co.*, 308 U.S. 422 (1940). Further, why should this question, the reasonability of this practice, the tariff provisions, and the charges at issue not be referred to the Surface Transportation Board?

5. Are plaintiffs, as defendants argue, assessing the mileage for the moves at issue under the mileage equalization program while also invoicing defendants for the charges at issue? Dkt. No. 48-1, p. 9. If so, what is the support for this practice and why should this issue not be referred to the Surface Transportation Board for consideration of whether it is a reasonable practice?

6. Which, if any issues, should be referred to the Surface Transportation Board?

Accordingly, it is

**ORDERED** that the parties are directed to file briefs, not to exceed twenty-five pages, and any supporting documentary evidence, on or before July 10, 2015 and it is further

**ORDERED** that the parties may file responsive briefs, not to exceed twenty-five pages, and any supporting documentary evidence, on or before July 22, 2015.

The Court will advise the parties, upon receipt of the supplemental briefs, whether oral argument is required.

**IT IS SO ORDERED.**

**Date: June 18, 2015**
**Syracuse, New York**

Brenda K. Sannes
U.S. District Judge